FILED
2013 Oct-25  PM 02:56
U.S. DISTRICT COURT
N.D. OF ALABAMA

**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ALABAMA,**
**SOUTHERN DIVISION**

| | |
|---|---|
| **SHIRLEY BURL,** ) | |
| ) | |
| **Plaintiff** ) | |
| ) | |
| **vs.** ) | |
| ) | |
| **FRESENIUS CARE BIRMINGHAM** ) | **CIVIL ACTION NO. 01-CV-2013-** |
| **MSO, LLC,** ) | **903680** |
| ) | |
| ) | |
| ) | CV-13-HA-1971-S |
| ) | |
| ) | |

## NOTICE OF REMOVAL

Defendant Fresenius Vascular Care Birmingham MSO, LLC (incorrectly

named in the complaint as "Fresenius Care Birmingham MSO, LLC") ("Fresenius

Vascular Care")[1] hereby gives notice that the pending civil action styled *Shirley*

*Burl v. Fresenius Care Birmingham MSO, LLC*, in the Circuit Court of Jefferson

County, Alabama, Case No. CV-2013-903680, has been removed to the United

States District Court for the Northern District of Alabama, Southern Division.[2]

This Court has original jurisdiction of this action under 28 U.S.C. § 1331 and this

---

[1] Fresenius Care Birmingham MSO, LLC is the correct name of the entity upon which
Plaintiff Shirley Burl attempted service by certified mail to 1280 Columbiana Road,
Birmingham, AL 35209.

[2] By removing this proceeding, Fresenius Vascular Care does not waive, and shall not be
deemed to have waived, any objections to jurisdiction, or any other defenses, all of which are
expressly reserved.

1303275.2

action may be removed to this Court pursuant to the provisions of 28 U.S.C. §§
1441 and 1446 in that it arises under federal law.

## MEMORANDUM OF LAW

**1. The Complaint**. On September 11, 2013, Plaintiff Shirley Burl

("Plaintiff") filed a complaint in the Circuit Court of Jefferson County, Alabama

(the "Complaint"). A true and correct copy of the Complaint is attached as Exhibit

A. It is this action (which, for the purposes of 28 U.S.C. § 1446(b), purports to set

forth a claim for relief) that Fresenius Vascular Care removes to this Court.

**2. Basis for Removal.** This Court has original jurisdiction over this action

under 28 U.S.C. § 1331 because the Complaint purports to assert claims against

Fresenius Vascular Care that allegedly arise under the laws of the United States,

namely the Family and Medical Leave Act of 1993, codified at 29 U.S.C. § 2601,

*et seq.* and the Rehabilitation Act of 1973, codified at 29 U.S.C. § 794. See

Complaint at ¶¶1, 3, 4.

**3. The Petition for Removal is Timely**. The Jefferson County Circuit

Clerk issued a summons by certified mail directed to Fresenius Vascular Care on

September 11, 2013 (the "Summons"). A true and correct copy of the Summons

issued to Fresenius Vascular Care is attached hereto as Exhibit B. According to

the return receipt, the Summons and Complaint were received on September 27,

2013. A true and correct copy of the return of service is attached as Exhibit C.

Thus, this Notice of Removal is timely filed within thirty (30) days as prescribed in 28 U.S.C. § 1446(b).

**4. Notice is Being Given Contemporaneously**. As required by 28 U.S.C. § 1446(d), Fresenius Vascular Care is providing written notice to counsel for Plaintiff of this Notice of Removal contemporaneously with the filing of this Notice of Removal. Fresenius Vascular Care also is filing contemporaneously with the Circuit Court of Jefferson County a Notice of Filing of Notice of Removal ("Notice of Filing") and copy of this Notice of Removal. A copy of the Notice of Filing is attached as Exhibit D.

WHEREFORE, pursuant to 28 U.S.C. §§ 1331, 1441, and 1446 Defendant Fresenius Vascular Care removes this action from the Circuit Court of Jefferson County, Alabama to this Court.

Respectfully submitted this the 25th of October, 2013.

One of the Attorneys for Defendant
Fresenius Vascular Care Birmingham
MSO, LLC

**OF COUNSEL:**
M. Jefferson Starling, III
Ginny B. Willcox
Balch & Bingham LLP
Post Office Box 306
Birmingham, AL 35201-0306
Telephone: (205) 251-8100
Facsimile: (205) 226-8799

1303275.2

## CERTIFICATE OF SERVICE

I hereby certify that on October 25, 2013, I filed the foregoing with the Clerk of the Court and served a copy of the foregoing via e-mail to Jeffery W. Bennitt at bennittlaw@aol.com and by U.S. Mail, properly addressed and postage prepaid to:

Jeffrey W. Bennitt
Jeffrey W. Bennitt & Associates LLC
121 Edenton Street
Birmingham, Alabama 35242-5260.

One of the Attorneys for Defendant
Fresenius Vascular Care Birmingham
MSO, LLC

# EXHIBIT A

| State of Alabama<br>Unified Judicial System<br><br>Form ARCiv-93   Rev.5/99 | **COVER SHEET**<br>**CIRCUIT COURT - CIVIL CASE**<br><br>(Not For Domestic Relations Cases) | ELECTRONICALLY FILED<br>9/11/2013 11:47 AM<br>Case Number:<br>01-CV-2013-903680.00<br>CIRCUIT COURT OF<br>Date of Filing:   JEFFERSON COUNTY, ALABAMA<br>09/11/2013   ANNE-MARIE ADAMS, CLERK |

## GENERAL INFORMATION

IN THE CIRCUIT OF JEFFERSON COUNTY, ALABAMA
SHIRLEY BURL v. FRESENIUS VASCULAR CARE

**First Plaintiff:** ☐ Business   ☑ Individual   **First Defendant:** ☑ Business   ☐ Individual
☐ Government   ☐ Other   ☐ Government   ☐ Other

### NATURE OF SUIT:

**TORTS: PERSONAL INJURY**

☐ WDEA - Wrongful Death
☐ TONG - Negligence: General
☐ TOMV - Negligence: Motor Vehicle
☐ TOWA - Wantonnes
☐ TOPL - Product Liability/AEMLD
☐ TOMM - Malpractice-Medical
☐ TOLM - Malpractice-Legal
☐ TOOM - Malpractice-Other
☐ TBFM - Fraud/Bad Faith/Misrepresentation
☐ TOXX - Other: _____

**TORTS: PERSONAL INJURY**

☐ TOPE - Personal Property
☐ TORE - Real Property

**OTHER CIVIL FILINGS**

☐ ABAN - Abandoned Automobile
☐ ACCT - Account & Nonmortgage
☐ APAA - Administrative Agency Appeal
☐ ADPA - Administrative Procedure Act
☐ ANPS - Adults in Need of Protective Services

**OTHER CIVIL FILINGS (cont'd)**

☐ MSXX - Birth/Death Certificate Modification/Bond Forfeiture
     Appeal/Enforcement of Agency Subpoena/Petition to
     Preserve
☑ CVRT - Civil Rights
☐ COND - Condemnation/Eminent Domain/Right-of-Way
☐ CTMP-Contempt of Court
☐ CONT-Contract/Ejectment/Writ of Seizure
☐ TOCN - Conversion
☐ EQND- Equity Non-Damages Actions/Declaratory
     Judgment/Injunction Election Contest/Quiet Title/Sale For
     Division
☐ CVUD-Eviction Appeal/Unlawfyul Detainer
☐ FORJ-Foreign Judgment
☐ FORF-Fruits of Crime Forfeiture
☐ MSHC-Habeas Corpus/Extraordinary Writ/Mandamus/Prohibition
☐ PFAB-Protection From Abuse
☐ FELA-Railroad/Seaman (FELA)
☐ RPRO-Real Property
☐ WTEG-Will/Trust/Estate/Guardianship/Conservatorship
☐ COMP-Workers' Compensation
☐ CVXX-Miscellaneous Circuit Civil Case

**ORIGIN:**   F☑ **INITIAL FILING**     A☐ **APPEAL FROM**     O☐ **OTHER**
                                   **DISTRICT COURT**

            R☐ **REMANDED**          T☐ **TRANSFERRED FROM**     _____
                                   **OTHER CIRCUIT COURT**

**HAS JURY TRIAL BEEN DEMANDED?**   ☐ Yes   ☑ No

**RELIEF REQUESTED:**   ☑ MONETARY AWARD REQUESTED   ☐ NO MONETARY AWARD REQUESTED

**ATTORNEY CODE:**   BEN004          9/11/2013 11:47:38 AM          /s/ JEFFREY W. BENNITT

**MEDIATION REQUESTED:**   ☑ Yes   ☐ No   ☐ Undecided



ELECTRONICALLY FILED
9/11/2013 11:47 AM
01-CV-2013-903680.00
CIRCUIT COURT OF
JEFFERSON COUNTY, ALABAMA
ANNE-MARIE ADAMS, CLERK

## IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA

| | |
|---|---|
| SHIRLEY BURL, | ) |
| | ) |
| Plaintiff, | ) |
| | )    CIVIL ACTION NO.: |
| vs. | ) |
| | ) |
| FRESENIUS CARE BIRMINGHAM | ) |
| MSO, LLC, | ) |
| | ) |
| Defendant. | ) |

## COMPLAINT

### I. JURISDICTION

1. Jurisdiction of this court is being invoked pursuant to the Family Medical Leave Act 29 U.S.C. Section 2601, et seq., public law no. 103-3, 1993, U.S.C.C.A.N. (107 Stat.) and the Rehabilitation Act.

### II. PARTIES

2. Plaintiff is a resident citizen of the United States, and a resident of the State of Alabama, and over the age of nineteen (19) years. She worked for this defendant, to-wit, since 2009, for a little over a year and was a full-time employee. She was terminated on September 11, 2011.

3. Plaintiff was an eligible employee for protection under the family medical leave act because she had been employed for at least twelve (12) months and had worked at least 1,250 hours during the 12-month period immediately preceding her termination.

4. Defendant is a private corporation concerned with the business of medical service. It

is presently conducting business in Alabama and plaintiff's department or program (within Fresenius) receives federal funds and therefore, defendant is under the subject matter jurisdiction of the Rehabilitation Act.

5. Defendant is engaged in an industry affecting commerce and is a program receiving state and/or federal financial assistance.

6. Defendant had fifty (50) or more employees at all times relevant to this action within a 75 mile radius.

7. Venue lies in Jefferson County

### III. PLAINTIFF'S CLAIMS

### INTERFERENCE WITH FML

8. Plaintiff's medical condition is based on a serious medical condition. Her condition is called Bi-Polar 1, manic-depression, anxiety, stress disorder. Her doctor(s) were at American Family Care on Parkway East, Center Point, where she was diagnosed with severe depression and she was under their care at the time of the incident of this lawsuit.

9. Plaintiff is currently under the care of Dr. Steele at Eastside Medical and is currently receiving social security benefits.

10. On to-wit, late August of 2011, while still working for defendant, plaintiff became so ill that she was barely able to get out of her bed and was becoming sicker and sicker by the day.

11. She notified her boss, Jim ___ _____, her unit director, that she needed to be off due to a severe medical condition, per company policy.

12. She personally told her unit director that she was sick. She told him that she was badly stressed from depression and anxiety and she needed to be off because of her depression and get bed rest and if necessary she could go to the doctor.

13. Her unit supervisor told her no.

14. Plaintiff went back to work and finished the day.

15. Plaintiff returned the next work day and worked for five more days work days.

16. Plaintiff took 3 "legal" days off, per policy, to get herself mental and physical strength back but, it did not work.

17. While plaintiff was off she called Carla Underwood, acting manager, and requested family leave because of emergency illness.

18. Ms. Underwood said no, only the unit director had the authority.

19. Plaintiff called Carla again the next day and told plaintiff that the unit director had not called in.

20. The next day, plaintiff was called by the unit director and responded "no" that he would not process her request for family medical leave and that she needed to come to work.

21. Plaintiff told him that she could not return to work and she was then told that he would get back with and review everything.

22. Plaintiff received a letter on September 11, 2011 from the company stating that she was terminated because she did not return to work, as ordered.

WHEREFORE, Plaintiff prays for the following:

a. Injunctive Relief - enjoin the Defendant from committing further violations.

b. Compensatory damages for lost wages and punitive and liquidated damages for willful conduct and mental distress and lost benefits.

c. Plaintiff also prays the Defendants be ordered to compensate the Plaintiff for all benefits she would have received had it not been for the Defendant's illegal action, including but not limited to: back pay, front pay, benefits, training, promotions, and seniority.

d. Award Plaintiff damages for suffering severe emotional distress and grant such plaintiff such other damages as allowed by law.

e. Award Plaintiff costs and Attorney fees.

## RETALIATION

23. She was fired for exercising her right to take Family and Medical Leave. She informed her employer of the same. Plaintiff exercised her statutorily protected right to FMLA when she requested time off to take care of her serious medical condition. She has a serious medical condition.

24. Defendant directly told her that she was fired because she could not come to work and they would not process her request for family medical leave.

25. The plaintiff alleges all of the above facts, the same as if set forth herein,.

WHEREFORE, Plaintiff prays for the following:

a. Injunctive Relief - enjoin the Defendant from committing further violations.

b. Compensatory damages for lost wages and punitive and liquidated damages for willful conduct and mental distress and lost benefits.

c. Plaintiff also prays the Defendants be ordered to compensate the Plaintiff for all benefits she would have received had it not been for the Defendant's illegal action, including but not limited to: back pay, front pay, benefits, training, promotions, and seniority.

d. Award Plaintiff damages for suffering severe emotional distress and grant such plaintiff such other damages as allowed by law.

e. Award Plaintiff costs and Attorney fees.

## REHABILITATION ACT

26. The plaintiff alleges all of the above facts, the same as if set forth herein.

27. Plaintiff alleges that she was terminated because she was disabled in violation of the rehabilitation act.

WHEREFORE, Plaintiff prays for the following:

a. Injunctive Relief - enjoin the Defendant from committing further violations.

b. Compensatory damages for lost wages and punitive and liquidated damages for willful conduct and mental distress and lost benefits.

c. Plaintiff also prays the Defendants be ordered to compensate the Plaintiff for all benefits she would have received had it not been for the Defendant's illegal action, including but not limited to: back pay, front pay, benefits, training, promotions, and seniority.

d. Award Plaintiff damages for suffering severe emotional distress and grant such plaintiff such other damages as allowed by law.

e. Award Plaintiff costs and Attorney fees.

                                                   _____ _____ _____ _____

Jeffrey W. Bennitt ASB N51J

BENOO4

# EXHIBIT B

| State of Alabama<br>Unified Judicial System<br><br>Form C-34  Rev 6/88 | SUMMONS<br>- CIVIL - | Case Number:<br>01-CV-2013-903680.00 |
|---|---|---|

IN THE CIVIL COURT OF JEFFERSON, ALABAMA
SHIRLEY BURL V. FRESENIUS VASCULAR CARE

FRESENIUS VASCULAR CARE, 1280 COLUMBIANA ROAD, BIRMINGHAM, AL 35209
NOTICE TO

THE COMPLAINT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO FILE THE ORIGINAL OF YOUR WRITTEN ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT WITH THE CLERK OF THIS COURT. A COPY OF YOUR ANSWER MUST BE MAILED OR HAND DELIVERED BY YOU OR YOUR ATTORNEY TO THE OPPOSING PARTY'S ATTORNEY JEFFREY W. BENNITT

WHOSE ADDRESS IS 121 Edenton St., BIRMINGHAM, AL 35242

THE ANSWER MUST BE MAILED WITHIN 30 DAYS AFTER THIS SUMMONS AND COMPLAINT WERE DELIVERED TO YOU OR A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT.
TO ANY SHERIFF OR ANY PERSONNEL AUTHORIZED by the Alabama Rules of the Civil Procedure:

☐ You are hereby commanded to serve this summons and a copy of the complaint in this action upon the defendant

☑ Service by certified mail of this summons is initiated upon the written request of    SHIRLEY BURL
pursuant to the Alabama Rules of the Civil Procedure

| 9/11/2013 11:47:40 AM | /s ANNE-MARIE ADAMS | |
|---|---|---|
| Date | Clerk/Register | By |

☑ Certified mail is hereby requested

/s JEFFREY W. BENNITT
Plaintiff's/Attorney's Signature

RETURN ON SERVICE:

☐ Return receipt of certified mail received in this office on

☐ I certify that I personally delivered a copy of the Summons and Complaint to

_____ in _____ County, Alabama on _____

Date

Server's Signature

# EXHIBIT C

**SENDER:** *COMPLETE THIS SECTION*

- ■ Complete Items 1, 2, and 3. Also complete Item 4 if Restricted Delivery is desired.
- ■ Print your name and address on the reverse so that we can return the card to you.
- ■ Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

FRESENIUS VASCULAR CARE

1280 COLUMBIANA ROAD

BIRMINGHAM, AL 35209

*COMPLETE THIS SECTION ON DELIVERY*

A. Signature

X _____  ☐ Agent
                            ☐ Addressee

B. Received by ( *Printed Name* )   C. Date of Delivery
                                    9·27·13

D. Is delivery address different from Item 1?   ☐ Yes
   If YES, enter delivery address below:         ☐ No

CV 13-903680

3. Service Type
   ☒ Certified Mail   ☐ Express Mail
   ☐ Registered       ☒ Return Receipt for Merchandise
   ☐ Insured Mail     ☐ C.O.D.

4. Restricted Delivery? *(Extra Fee)*   ☐ Yes

2. Article Number
   *(Transfer from service label)*

7012 3050 0001 9638 3055

PS Form 3811, February 2004          Domestic Return Receipt          102595-02-M-1540

UNITED STATES POSTAL SERVICE

First-Class Mail
Postage & Fees Paid
USPS
Permit No. G-10

• Sender: Please print your name, address, and ZIP+4 in this box



FILED IN OFFICE

OCT 01 2013

ANNE-MARIE ADAMS
Clerk

ANNE-MARIE ADAMS, CLERK
ROOM 400 JEFF. CO. COURTHOUSE
716 RICHARD ARRINGTON JR BLVD, N.
BIRMINGHAM, ALABAMA 35203



# NOTICE TO CLERK

**REQUIREMENTS FOR COMPLETING SERVICE BY**
**CERTIFIED MAIL OR FIRST CLASS MAIL**

IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA
SHIRLEY BURL V. FRESENIUS VASCULAR CARE

01-CV-2013-903680.00

To: CLERK BIRMINGHAM
clerk.birmingham@alacourt.gov

TOTAL POSTAGE PAID: $6.31

Parties to be served by Certified Mail - Return Receipt Requested

FRESENIUS VASCULAR CARE                                    Postage: $6.31

1280 COLUMBIANA ROAD
BIRMINGHAM, AL 35209          7012 3050 0001 9638 3055

Parties to be served by Certified Mail - Restricted Delivery - Return Receipt Requested

Parties to be served by First Class Mail

# EXHIBIT D

**IN THE CIRCUIT COURT FOR JEFFERSON COUNTY, ALABAMA**

| | |
|---|---|
| **SHIRLEY BURL,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| **vs.** | ) |
| | ) |
| **FRESENIUS CARE BIRMINGHAM MSO,** | ) **CV-2013-903680** |
| **LLC,** | ) |
| | ) |
| | ) |
| | ) |

**Defendant.**

## NOTICE OF FILING OF NOTICE OF REMOVAL

Defendant Fresenius Vascular Care Birmingham MSO, LLC (incorrectly named in the complaint as "Fresenius Care Birmingham MSO, LLC")[1] timely filed in the United States District Court for the Northern District of Alabama (Southern Division) a Notice of Removal of the above-entitled action to the United States District Court for the Northern District of Alabama (Southern Division), from the Circuit Court of Jefferson County, Alabama, pursuant to 28 U.S.C. §§ 1331, 1441 and 1446. A copy of the Notice of Removal is attached hereto as Exhibit A.

Respectfully submitted this the 25th day of October, 2013.

/s/ Ginny B. Willcox
One of the Attorneys for Defendant
Fresenius Vascular Care Birmingham
MSO, LLC

**OF COUNSEL:**
M. Jefferson Starling, III
Ginny B. Willcox
Balch & Bingham LLP
Post Office Box 306
Birmingham, AL 35201-0306
Telephone: (205) 251-8100
Facsimile: (205) 226-8799

---

[1] Fresenius Care Birmingham MSO, LLC is the correct name of the entity upon which Plaintiff Shirley Burl attempted service by certified mail to 1280 Columbiana Road, Birmingham, AL 35209.

1303419.1

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing has been served upon the following this the 25th day of October, 2013 via e-mail to Jeffery W. Bennitt at bennittlaw@aol.com and by U.S. Mail, properly addressed and postage prepaid to:

Jeffrey W. Bennitt
Jeffrey W. Bennitt & Associates LLC
121 Edenton Street
Birmingham, Alabama 35242-5260
Bennittlaw@aol.com

*/s/ Ginny B. Willcox*
One of the Attorneys for Defendant
Fresenius Vascular Care Birmingham
MSO, LLC