FILED
2013 Nov-01  PM 04:48
U.S. DISTRICT COURT
N.D. OF ALABAMA

## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA,
## SOUTHERN DIVISION

| | |
|---|---|
| **SHIRLEY BURL** | ) |
| | ) |
| **Plaintiff** | ) |
| | ) |
| **vs.** | ) |
| | ) |
| **FRESENIUS CARE BIRMINGHAM** | ) **CIVIL ACTION NO. 2:13-cv-01971-** |
| **MSO, LLC** | ) **MHH** |
| | ) |
| | ) |
| | ) |
| | ) |
| | ) |

## ANSWER TO COMPLAINT

Defendant Fresenius Vascular Care Birmingham MSO, LLC ("FVC Birmingham" or "Defendant")[1] submits this Answer to the allegations in Plaintiff Shirley Burl's Complaint as follows:

### I.     JURISDICTION

1.     Admitted that Plaintiff seeks jurisdiction pursuant to the Family Medical Leave Act ("FMLA") 29 U.S.C. § 2601 *et seq.* and the Rehabilitation Act, 29 U.S.C. § 794.   Denied that Defendant has violated the FLSA or the Rehabilitation Act, or that Plaintiff is entitled to any relief whatsoever. Except as expressly admitted, Defendant denies the allegations in Paragraph 1.

---

[1] Fresenius Vascular Care Birmingham MSO, LLC is the correct name of the entity upon which Plaintiff Shirley Burl attempted service.

## II.     PARTIES

2.     Defendant is without sufficient information to admit or deny the first sentence of Paragraph 2, and therefore denies same. Denied that Plaintiff worked for FVC Birmingham or was otherwise employed by FVC Birmingham for any period of time, including from 2009 – 2011. Defendant denies the remaining allegations in Paragraph 2.

3.     Denied.

4.     Admitted that Plaintiff purports to bring this action under the Rehabilitation Act. Admitted that FVC Birmingham is a company that conducts business in the State of Alabama.  Except as expressly admitted, Defendant denies the allegations in Paragraph 4.

5.     Denied.

6.     Denied.

7.     Admitted that venue is proper in this Court. Except as expressly admitted, Defendant denies the allegations in Paragraph 4.

## III.    PLAINTIFF'S CLAIMS

## INTERFERENCE WITH FML

8.     Defendant is without sufficient information to admit or deny the allegations in Paragraph 8, and therefore denies same.

9.     FVC Birmingham is without sufficient information to admit or deny the allegations in Paragraph 9, and therefore denies same.

10.     Denied.

11.     Denied.

12.     Defendant is without sufficient knowledge or information to admit or deny the allegations in Paragraph 12, and therefore denies same.

13.     Defendant is without sufficient knowledge or information to admit or deny the allegations in Paragraph 13, and therefore denies same.

14.     Defendant is without sufficient knowledge or information to admit or deny the allegations in Paragraph 14, and therefore denies same.

15.     Defendant is without sufficient knowledge or information to admit or deny the allegations in Paragraph 15, and therefore denies same.

16.     Defendant is without sufficient knowledge or information to admit or deny the allegations of Paragraph 16, and therefore denies same.

17.     Defendant is without sufficient knowledge or information to admit or deny the allegations in Paragraph 17, and therefore denies same.

18.     Defendant is without sufficient knowledge or information to admit or deny the allegations in Paragraph 18, and therefore denies same.

19.     Defendant is without sufficient knowledge or information to admit or deny the allegations in Paragraph 19, and therefore denies same.

20.     Defendant is without sufficient knowledge or information to admit or deny the allegations in Paragraph 20, and therefore denies same.

21.     Defendant is without sufficient knowledge or information to admit or deny the allegations in Paragraph 21, and therefore denies same.

22.     Denied.

Defendant denies that Plaintiff is entitled to the relief requested or any relief whatsoever.

## RETALIATION

23.     Denied that Defendant employed Plaintiff or discharged Plaintiff for any reason, including for exercising her alleged right to take leave under the FMLA. Defendant is without sufficient knowledge or information to admit or deny the remaining allegations in Paragraph 23, therefore denies same.

24.     Denied.

25.     Defendant restates and incorporates by reference its answers to Paragraphs 1-24, as if set forth fully herein.

Defendant denies that Plaintiff is entitled to the relief requested or any relief whatsoever.

## REHABILITATION ACT

26.     Defendant restates and incorporates by reference its answers to Paragraphs 1-25, as if set forth fully herein.

27.     Admitted that Plaintiff purports to bring a claim under the Rehabilitation Act. Except as expressly admitted, Defendant denies the allegations in Paragraph 27.

Defendant denies that Plaintiff is entitled to the relief requested or any relief whatsoever.

## AFFIRMATIVE DEFENSES

1.     Plaintiff was not employed by Defendant.

2.     Defendant has not been properly served with the Complaint.

3.     Some or all of the Complaint fails to state a claim upon which relief can be granted.

4.     Some or all of Plaintiff's claims are barred or limited by the applicable statute of limitations or administrative filing periods.

5.     Plaintiff has failed to satisfy the prerequisites, jurisdictional or otherwise, to maintain some or all of the claims asserted.

6.     On information and belief, some or all of Plaintiff's claims are barred by the doctrines of waiver, unclean hands, after-acquired evidence, and/or estoppel.

7.     Plaintiff's claims for damages are barred to the extent she failed to act reasonably to mitigate her damages.

8.     Defendant at all times acted in good faith and without retaliatory or discriminatory intent.

9.     Any alleged retaliatory or discriminatory decisions by Defendant or its employees or agents would be contrary to its good faith efforts to comply with the law, rules and regulations.

10.    Defendant did not authorize, condone, or ratify any alleged unlawful conduct or statements.

11.    All actions by Defendant with regard to Plaintiff, if any, were in good faith compliance with applicable provisions of law, rules and regulations.

12.    All of Defendant's decisions and/or actions with regard to Plaintiff, if any, were undertaken for legitimate, non-discriminatory, non-retaliatory reasons. Alternatively, and denying that this is a mixed motive case, Defendant's decisions and/or actions with regard to Plaintiff, if any, challenged as discriminatory or retaliatory would have been undertaken even had Plaintiff not been in the alleged protected status.

13.    Plaintiff has not established that she is an individual with a disability within the meaning of the Rehabilitation Act or, alternatively, any alleged disability was not connected to the performance of any job Plaintiff purports to have had with Defendant.

14.     Plaintiff's Complaint fails to plead with particularity her alleged disability(ies).

15.     Defendant has made reasonable modifications to its policies, practices or procedures when such modifications are necessary to afford goods, services, facilities, privileges, advantages or accommodations to disabled individuals.

16.     Some or all of Plaintiff's claims are barred to the extent she failed to provide proper and/or timely notice of the need for leave as required by the FMLA.

17.     Plaintiff's claims for punitive damages are barred because any imposition of liquidated or punitive damages against Defendant would constitute a denial of due process and would be excessive under the United States and the Constitution of Alabama.

18.     Plaintiff's claims for punitive damages are barred further because the acts, if any, and omissions, if any, of Defendant, which are specifically denied, fail to rise to the level required to sustain a reward of punitive damages, were trivial and isolated, were not motivated by evil intent or discrimination, do not evidence a malicious, oppressive or fraudulent intent to deny Plaintiff her protected rights or to harass or to otherwise discriminate against Plaintiff, and are not so wanton and willful as to support an award of punitive damages.

19.     Plaintiff's claim for punitive damages is barred because Defendant did not act recklessly or with indifference to the Plaintiff's federally protected rights.

20.     Defendant cannot be held liable for punitive damages because any wrongful conduct was contrary to Defendant's good faith efforts to comply with the law.

21.     Defendant cannot be held liable for punitive damages because the individual or individuals who committed the alleged discriminatory behavior were not employed in a managerial capacity such that their actions may be imputed to Defendant.

22.     The amount of any compensatory or punitive damage award that Plaintiff might recover from Defendant, if any, is subject to 42 U.S.C. § 1981(a).

23.     Plaintiff is not entitled to liquidated damages under the FMLA because Defendant's alleged actions related to Plaintiff, if any, were made in good faith and on objectively reasonable grounds.

WHEREFORE, Defendant prays that judgment be entered in its favor and against Plaintiff and that Plaintiff be assessed with the costs and attorneys' fees associated with this case and such other and further relief as the Court may deem appropriate.

Respectfully submitted the 1st of November, 2013.


/s/ Ginny B. Willcox
One of the Attorneys for Defendant

8

<u>**OF COUNSEL:**</u>
M. Jefferson Starling, III
Ginny B. Willcox
Balch & Bingham LLP
Post Office Box 306
Birmingham, AL 35201-0306
Telephone: (205) 251-8100
Facsimile: (205) 226-8799

<u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system and service will be perfected upon the following the 1st day of November, 2013.

Jeffrey W. Bennitt
Jeffrey W. Bennitt & Associates LLC
121 Edenton Street
Birmingham, Alabama 35242-5260.

*/s/ Ginny B. Willcox*
Of Counsel